UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SOREN JUUL<br>2945 Carlton Ave., NE<br>Washington, D.C. 20018<br><br>*Plaintiff*<br>v.<br><br>UNITED STATES OF AMERICA<br><br>Serve: The Honorable Loretta E. Lynch<br>      Attorney General of the United States<br>      950 Pennsylvania Ave., NW<br>      Washington, D.C. 20530<br><br>      and<br><br>      Vincent H. Cohen, Jr.<br>      United States Attorney for the<br>      District of Columbia<br>      555 4th St., NW<br>      Washington, D.C. 20530<br><br>AND<br><br>PROSOURCE CONSULTING, LLC<br>7450 Heritage Village Plaza, Suite 201<br>Gainesville, VA 20155<br><br>Serve: Donna N. Cooper<br>      7450 Heritage Village Plaza, Suite 201<br>      Gainesville, VA 20155<br><br>*Defendants* | Civil Action No.:_____ |

## COMPLAINT

LAW OFFICES
ASHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

Plaintiff Soren Juul files this complaint against Defendants United States of America and ProSource Consulting, LLC for personal injuries. In support of this complaint, Mr. Juul makes the following allegations:

## JURISDICTION AND VENUE

1. This action arises under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* This Court is vested with jurisdiction in accordance with 28 U.S.C. § 1346(b) (United States as a defendant).

2. The Court has supplemental subject-matter jurisdiction over the claim against ProSource Consulting, LLC, in accordance with 28 U.S.C. § 1367(a), because the claim against ProSource forms a part of the same case and controversy, *i.e.*, shares a common nucleus of operative facts, as the claim against the United States.

3. Venue is proper in accordance with 28 U.S.C. § 1402(b) because the negligent acts or omissions, or both, alleged in this complaint occurred within the District of Columbia at the Liberty Loan building, owned by the General Services Administration, an agency of the United States.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. Mr. Juul has complied with all procedural prerequisites to this suit and has exhausted his administrative remedies.

5. On October 20, 2014, the General Services Administration acknowledged the receipt of Mr. Juul's Standard Form 95, which stated his claim against the agency for the sum certain of four million dollars ($4,000,000.00).

6. The General Services Administration failed to make a final disposition of the claim within six months of its filing.

LAW OFFICES
ASHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

7. In accordance with 28 U.S.C. § 2675(a), the failure of an agency to make a final disposition within six months is deemed a final denial, which allows the claimant to initiate a lawsuit at any time after the end of that six-month period.

## PARTIES

8. Plaintiff Soren Juul is a resident of the District of Columbia who suffered serious injury as a result of Defendants' negligent construction, inspection, and/or maintenance of a stairwell in the Liberty Loan Building located at 1100 Pennsylvania Avenue, NW Washington, DC.

9. The General Services Administration (GSA) is a federal agency of the United States of America, as defined by 28 U.S.C. § 2671.

10. ProSource Consulting, LLC is a company incorporated in the Commonwealth of Virginia, with offices in the District of Columbia and Virginia, that provides facility management and maintenance services to the GSA and other organizations.

11. During all times relevant to this action, the United States, through the GSA, owned and managed the Liberty Loan Building, located at 401 14th St., SW, Washington, D.C. 20024.

12. During all times relevant to this action, the United States, through the GSA, contracted with ProSource Consulting, LLC to provide maintenance services to the Liberty Loan Building including but not limited to maintenance of common areas such as stairwells.

13. All the acts or omissions complained of were performed by Defendants' employees, while acting within the scope of their employment and with the permission and consent of Defendants.

LAW OFFICES
ASHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

## STATEMENT OF MATERIAL FACTS

14. In October 2012, Soren was employed as a superintendant by Maryn Consulting, Inc., a construction contractor.

15. At that time, the United States, through the GSA, had hired Maryn Consulting, Inc. to restore areas of the Liberty Loan Building damaged by a recent earthquake.

16. On October 21, 2012, at approximately 10:30 p.m., Mr. Juul was walking down a stairwell in the building when a piece of stair treading he stepped on broke off, causing him to fall and severely injure his right shoulder.

17. At the time of the injury, Mr. Juul was lawfully and properly in the Liberty Loan Building and was exercising due care for his own safety and was free of any contributory negligence.

18. Although he was using the stairwell to move about the building, it was not in one of the areas designated for restoration by Defendant.

## COUNT I -- NEGLIGENCE (UNITED STATES OF AMERICA)

19. Plaintiff incorporates by reference all allegations set forth above.

20. At all times relevant herein, Defendant United State of America's employees had a duty to people lawfully on the premises to act with reasonable care under the circumstances in constructing, inspecting, and/or maintaining the stair treading on the stairwells in the Liberty Loan Building so that the stair treading would be in good and safe condition.

21. On and before October 21, 2012, Defendant's employees were negligent in that they failed to use reasonable care in constructing, inspecting, and/or maintaining the stair treading on the stairwell where Mr. Juul was injured.

LAW OFFICES
ASHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

22. Defendant's failure to exercise reasonable care caused the stair treading to become unsafe to use.

23. If Defendant had exercised reasonable care, the unsafe condition would have been discovered and would have been fixed thereby avoiding the accident which injured Mr. Juul.

24. Defendant breached its duty of care to Mr. Juul.

25. As a direct and proximate result of the breach of duty, a piece of stair treading Mr. Juul stepped on broke off, causing him to fall and injure his right shoulder.

### COUNT II – NEGLIGENCE (PROSOURCE CONSULTING, LLC)

26. Plaintiff incorporates by reference all allegations set forth above.

27. At all times relevant herein, Defendant ProSource Consulting, LLC's employees had a duty to people lawfully on the premises to act with reasonable care under the circumstances in constructing, inspecting, and/or maintaining the stair treading on the stairwells in the Liberty Loan Building so that the stair treading would be in good and safe condition.

28. On and before October 21, 2012, Defendant's employees were negligent in that they failed to use reasonable care in constructing, inspecting, and/or maintaining the stair treading on the stairwell where Mr. Juul was injured.

29. Defendant's failure to exercise reasonable care caused the stair treading to become unsafe to use.

30. If Defendant had exercised reasonable care, the unsafe condition would have been discovered and would have been fixed.

31. Defendant breached its duty of care to Mr. Juul.

32. As a direct and proximate result of the breach of duty, a piece of stair treading Mr. Juul stepped on broke off, causing him to fall and severely injured his right shoulder.

LAW OFFICES
ASHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

## COUNT III – NEGLIGENT SUPERVISION (UNITED STATES OF AMERICA)

33.   Plaintiff incorporates by reference all allegations set forth above.

34.   On and before October 21, 2012, Defendant United States had a duty to supervise ProSource Consulting, LLC in carrying out its work.

35.   Specifically, the United States had a duty to instruct ProSource to inspect the stair treading in the stairwells in the Liberty Loan Building for any defects that could potentially injure people lawfully on the premises and to timely report any defects in the treading to them whereby they could authorize prompt repair as well as securing the area to protect patrons, licensees and invitees of the Liberty Loan Building including Mr. Juul.

36.   Defendant was negligent in that it breached its duty to supervise ProSource by failing to instruct ProSource to inspect the stair treading in the stairwells on a regular basis, report any defects in the condition of the treading, to promptly repair said treading and/or secure the area to prevent avoidable and foreseeable injury to patrons, licensees and invitees of the Liberty Loan Building including Mr. Juul.

37.   As a direct and proximate result of the negligent supervision, any defects in the stair treading at issue were not discovered nor repaired in a prompt and timely fashion.

38.   As a further direct and proximate result of the negligent supervision, Plaintiff suffered a massive rotator cuff tear in his right shoulder when a piece of stair treading he stepped on broke off, causing him to fall.

### PRAYER FOR RELIEF

39.   Plaintiff hereby adopts and incorporates by reference all prior paragraphs above, and further states:

LAW OFFICES
ASHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

40. As a direct and proximate result of his injuries, Mr. Juul has incurred significant medical expenses and obligations, including the following:

    (a) multiple surgeries undertaken in an attempt to repair his right shoulder;

    (b) multiple MRIs and other tests on his right shoulder;

    (c) use of medications for pain in his right shoulder; and

    (d) over two years of physical therapy for his right shoulder.

41. As a direct and proximate result of his injuries, Mr. Juul has been, and will continue to be, in great physical, mental, and emotional pain and distress.

42. As a further direct and proximate result of his injuries, Mr. Juul has incurred and will incur, for some time in the future, medical expenses for pain medications and continued physical therapy and treatment of his injuries.

43. Plaintiff, for 10 weeks prior to his injury, was employed by Maryn Consulting, Inc. as a superintendant, earning $2,400 per week. As a direct and proximate result of the negligence of Defendants and the injuries sustained as a result of that negligence, Plaintiff was unable to continue working for Maryn, resulting in lost wages.

44. Furthermore, Plaintiff has been informed that he will always have physical limitations and permanent consequential disability as a result of his injury, preventing him from holding any position other than a sedentary one with minimal use of his arm. Therefore, Plaintiff has lost earning capacity.

Accordingly, Plaintiff moves the Court for entry of judgment against the United States of America and ProSource Consulting, LLC, jointly, severally, or in the alternative in the amount of four million dollars ($4,000,000.00), plus costs and attorneys' fees, and any further relief the Court may deem appropriate.

LAW OFFICES
ASHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

**PLAINTIFF REQUESTS TRIAL BY JURY**

Respectfully submitted,
Plaintiff Soren Juul
By Counsel:
**ASHCRAFT & GEREL, LLP**

_____
Sidney Schupak, Esq. #436616
Suite 650
4900 Seminary Road
Alexandria, VA 22311
(703)931-5500
(703)-820-0630 Facsimile
sschupak@ashcraftlaw.com

LAW OFFICES
ASHCRAFT & GEREL, LLP

SUITE 400
2000 L STREET, N.W.
WASHINGTON, D.C. 20036

202-783-6400
FAX: 202-416-6392

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VA 22311

703-931-5500
FAX: 703-820-0630

SUITE 1002
ONE CENTRAL PLAZA
11300 ROCKVILLE PIKE
ROCKVILLE, MD 20852

301-770-3737
FAX: 301-881-6132

SUITE 301
METRO 400 BUILDING
4301 GARDEN CITY DRIVE
LANDOVER, MD 20785

301-459-8400
FAX: 301-459-1364

SUITE 1212
10 EAST BALTIMORE STREET
BALTIMORE, MD 21202

410-539-1122
FAX: 410-547-1261

8